1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEAN MARC VAN DEN HUEVEL,              No. 2:15-cv-1698-KJM-KJN PS

12            Plaintiff,

13        v.                                ORDER TO SHOW CAUSE

14   PHOENIX SINCLAIR, et al.,

15            Defendants.

16

17        On August 10, 2015, plaintiff Jean Marc Van Den Heuvel, proceeding in this action

18   without counsel, filed his complaint along with a request for leave to proceed in forma pauperis

19   pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1, 2.)[1]  Plaintiff's complaint consists of multiple form

20   complaints and letters which, when liberally construed, appear to allege that plaintiff visited

21   defendant Shingle Springs Tribal Wellness Clinic on September 13, 2013, where he received

22   dental care from defendant Phoenix Sinclair, D.D.S. and other employees.  (See generally, ECF

23   Nos. 1, 1-1, 1-2.)  Plaintiff further alleges defendant Sinclair and other "staff" performed a "rear

24   molar #3 root canal" on plaintiff that went "horrifically wrong" and that Sinclair acted

25   "incompetent[ly]" and was "distracted" during the procedure because he was "flirting" with his

26   assistants and having "discussions on [k]iller babqued [sic] hamburgers stuffed with cheese."

27   _____

    [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
28   § 636(b)(1).

                                        1

1    (ECF No. 1 at 1, 4.)  Plaintiff alleges that he later had to seek further dental work in order to

2    repair the damage to his tooth, ultimately resulting in the tooth being completely extracted, which

3    caused plaintiff "painful bone loss and irritation."  (Id.)

4         Plaintiff also refers in his complaint to another action he previously filed in this court as

5    being "related" to the present case.  (ECF No. 1-1 at 1 (referencing case number 2:14-cv-1555-

6    TLN-EFB PS as a "related case")).)  A review of the complaint in the referenced action reveals

7    that plaintiff brought a claim against defendant Shingle Springs Tribal Wellness Clinic based on

8    alleged conduct extraordinarily similar to the conduct alleged in the instant action.  Indeed, the

9    only major differences between the allegations in the previous action and those here are that

10   plaintiff did not identify the dentist or other employee(s) at Shingle Springs Tribal Wellness

11   Clinic who performed the alleged defective dental work in the prior action, included some

12   additional factual details regarding the performance of the allegedly defective dental work in this

13   action, and that the alleged dental work took place on August 29, 2013, in the previous action, but

14   took place on September 13, 2013, in the present action.

15        While the discrepancy in the alleged dates of injury would ordinarily indicate that injury

16   alleged here arose from a different transaction or occurrence than that alleged in the prior action,

17   the court is particularly concerned that this is not the situation here because plaintiff also filed in

18   the previous action the exact document comprising the majority of his complaint in the present

19   action, which indicates that the alleged injury in the prior action occurred on September 13, 2013,

20   the same date alleged in the present action.  Furthermore, in one of the documents comprising the

21   complaint in this action, styled a letter to the court, plaintiff states in the "subject" line that this

22   action is a "New Case; same claim" and discusses the fact that his filing this action is in response

23   to the dismissal of his prior action.  (ECF No. 1-2.)  Given these facts, the court has grave

24   concerns that the claims plaintiff asserts in this action may be precluded by the dismissal of

25   plaintiff's claim in the previous action.  However, it cannot properly ascertain at this time whether

26   plaintiff's claims are actually precluded without additional clarification.

27   ////

28   ////

2

Accordingly, given the court's serious concern that plaintiff's claims here are barred by the doctrine of claim preclusion, and in the interest of preserving scarce judicial resources, the court declines to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915 at this juncture. Instead, **the court orders plaintiff to show cause in writing explaining:  (1) whether the claims asserted in the present action are based on the same facts (i.e., the same dental work) alleged in the previous action he filed in this court (case number 2:14-cv-1555-TLN-EFB PS), (2) whether defendant Phoenix Sinclair was the individual who performed the defective dental work plaintiff alleged in the complaint in the prior action, and (3) whether the dental work alleged in the prior action occurred on August 29, 2013, September 13, 2013, or some other date.**  Plaintiff shall file this writing with the court by no later than **January 21, 2016**. ***Plaintiff is cautioned that failure to timely file the ordered writing may result in the court construing the allegations of plaintiff's complaint as an admission that the claims alleged in this action are the same as those alleged in the previous action, thus requiring the court to dismiss plaintiff's claims under the doctrine of claim preclusion.***  After plaintiff provides the court with the ordered writing, or fails to do so by the above-stated deadline, the court will address plaintiff's motion to proceed *in forma pauperis* and screen plaintiff's complaint pursuant to 28 U.S.C. § 1915.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.        **By no later than January 21, 2016, plaintiff shall show cause in writing explaining:  (1) whether the claims asserted in the present action are based on the same facts (i.e., the same dental work) alleged in the previous action he filed in this court (case number 2:14-cv-1555-TLN-EFB PS), (2) whether defendant Phoenix Sinclair was the individual who performed the defective dental work plaintiff alleged in the complaint in the prior action, and (3) whether the dental work alleged in the prior action occurred on August 29, 2013, September 13, 2013, or some other date.**

////

////

////

3

1      2.      ***Plaintiff is cautioned that failure to timely file the ordered writing may result in***
2   ***the court construing the allegations of plaintiff's complaint as an admission that the claims***
3   ***alleged in this action are the same as those alleged in the previous action, thus requiring the***
4   ***court to dismiss plaintiff's claims under the doctrine of claim preclusion.***

5      3.      After plaintiff provides the court with the ordered writing, or fails to do so by the
6   above-stated deadline, the court will address plaintiff's motion to proceed *in forma pauperis* and
7   screen plaintiff's complaint pursuant to 28 U.S.C. § 1915.

8      IT IS SO ORDERED.

9   Dated:  December 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4