UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>PHOENIX SINCLAIR, et al.,<br><br>Defendant. | No. 2:15-cv-01698-KJM-KJN (PS)<br><br><br><br>ORDER |

On December 18, 2015, the court issued an Order to Show Cause ("OSC") directing plaintiff to file a written explanation regarding, among other things, whether the claims plaintiff asserts in his complaint in this action are based on the same alleged facts as those plaintiff alleged in a previously dismissed action in this court that plaintiff references in his complaint as being "related" to the present action. (ECF No. 5.) Plaintiff filed a response to the court's OSC consisting of a brief letter to the court and about 75 pages of documents either filed in or related to the present action or the prior "related" action. (ECF No. 7.)[1]

////

---

[1] The court notes that it was provided with a courtesy copy of plaintiff's response weeks prior to the January 21, 2016 filing deadline directed by the OSC, but that the response was not formally docketed until after that deadline had passed. In light of plaintiff's pro se status and despite his apparent filing error, the court deems plaintiff's response timely filed despite the apparent fact that it was not filed in conformance with E.D. Cal. Local Rule 133 until after the filing deadline directed by the OSC.

1

In his brief letter, plaintiff reiterates some of the facts alleged in the complaint and requests that the court grant the relief requested in the complaint. (Id. at 2-3.) This response in no way addresses the issues presented by the OSC. Nevertheless, a review of the documents attached to plaintiff's response shows that the prior action referenced in the complaint was dismissed for lack of subject matter jurisdiction after the court had granted a motion to dismiss pursuant to Federal Rule 12(b)(1) premised on the fact that plaintiff had failed to allege in his complaint that he had exhausted his administrative remedies against defendant Shingle Springs Tribal Wellness Clinic before pursuing his sole claim against it pursuant to the Federal Tort Claims Act ("FTCA"). (See id. at 9, 17-19, 29-34.) These attached documents make it clear that the court's dismissal of plaintiff's prior action was not a final adjudication on the merits of plaintiff's claim in that action because the dismissal was based on a lack of subject matter jurisdiction rather than on the merits of plaintiff's claim. See Pesnell v. Arsenault, 490 F.3d 1158, 1161 (9th Cir. 2007) (holding that judgment on FTCA claims based on a lack of jurisdiction due to plaintiff's failure to exhaust administrative remedies was not a final judgment on the merits for res judicata purposes); Fed. R. Civ. P. 41(b) (noting that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits). Because the court's purpose in issuing its OSC was to determine at the outset of this action whether plaintiff's claims asserted in the complaint are barred by res judicata as a result of the court's dismissal of the FTCA claim plaintiff asserted in the previous action he references in his complaint, the court finds that plaintiff's response to that order adequately addresses that issue by showing that his claims are not so barred. Accordingly, the December 18, 2015 OSC is discharged and the court will now address plaintiff's motion to proceed *in forma pauperis* and screen plaintiff's complaint pursuant to 28 U.S.C. § 1915.

First, the court addresses plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application in support of his request makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted.

////

However, the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. For the reasons discussed below, plaintiff's complaint fails to state a claim and therefore must be dismissed, but with leave to amend.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*

3

*pauperis* is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Here, plaintiff's complaint consists of multiple form complaints and letters.  (ECF Nos. 1, 1-1, 1-2.)  Liberally construing these documents together as a single pleading, it appears that plaintiff alleges that defendant Dr. Sinclair, a dentist employed by defendant Shingle Springs Tribal Wellness Clinic ("SSTW"), acted negligently in his performance of a dental procedure on plaintiff and caused plaintiff harm.  (ECF No. 1.)  More specifically, Plaintiff alleges that Dr. Sinclair and other, unidentified "staff" at SSTW performed a "rear molar #3 root canal" on plaintiff that went "horrifically wrong" and that Dr. Sinclair acted "incompetent[ly]" and was "distracted" during the procedure because he was "flirting" with his assistants and having "discussions on [k]iller babqued [*sic*] hamburgers stuffed with cheese." (ECF No. 1 at 1, 4.)  Plaintiff further alleges that SSTW "is a medical practice institution located on Federal Reservation land" and indicates that the U.S. Government is a defendant in this action.  (ECF Nos. 1 at 6, 1-1 at 1.)

In short, it appears that plaintiff is attempting to state a tort claim for medical malpractice by a tribal health care entity and one of its employees.  Congress has provided that for the purpose of malpractice claims against a health care entity funded and operated under a compact and agreement with the Indian Health Service, pursuant to the Indian Self-Determination and Education Assistance Act, Pub. L. No. 106-260, 114 Stat. 711 (2000), such an entity shall be "deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees . . . are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement." 25 U.S.C. § 450f(d).  The effect of this provision is that the tort claim is deemed to be a claim against the United States.  This includes any claim for personal injury resulting from the performance of "medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations." Id.

////

////

      Congress has further provided that the exclusive remedy for claims of malpractice arising out of medical services provided by such an entity and its employees shall be a claim against the United States pursuant to the FTCA. 28 U.S.C. § 233(a), (g). Accordingly, pursuant to 25 U.S.C.§ 450f(d), SSTW is deemed to be part of the Public Health Service in the U.S. Department of Health and Human Services for purposes of claims for personal injury, such as the one plaintiff alleges in his complaint. Therefore, in order to proceed on his claims in this action, plaintiff must allege facts showing that he has met both the jurisdictional and substantive requirements of the FTCA.

      One of the jurisdictional elements required for an FTCA claim is that a plaintiff must first present an administrative claim to the appropriate federal agency and have that claim denied before it may be filed against the United States in federal court. 28 U.S.C. § 2675; Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (citing 28 U.S.C. § 2675) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA . . . and, as such, should be affirmatively alleged in the complaint."). Consequently, a plaintiff asserting an FTCA claim in federal court must allege facts in the complaint indicating that he filed an administrative claim with the appropriate federal agency and that the claim was denied prior to filing his complaint in federal court.

      Here, plaintiff attaches a document to his complaint that appears to be a letter from the Dental Board of California to plaintiff denying a claim plaintiff filed with the Board regarding the negligently performed dental work that forms the basis of plaintiff's allegations in this action. (ECF No. 1 at 3.) However, this California State professional board was not the appropriate federal agency to which plaintiff should have directed his administrative tort claim. Rather, plaintiff was required to direct his claim to the U.S. Department of Health and Human Services. See 25 U.S.C. § 450f(d); 28 U.S.C. § 2675. Plaintiff does not attach a copy of a claim he directed towards that department to his complaint or otherwise allege within the documents that comprise his complaint that he exhausted his administrative remedies by first filing such a claim. Accordingly, the allegations of the complaint fail to affirmatively allege that plaintiff first met the requirement that he exhaust his administrative remedies before filing the present action under the

FTCA.

A review of plaintiff's subsequent filings in this action indicate that plaintiff may very well have properly exhausted his administrative remedies with the U.S. Department of Health and Human Services within the FTCA's statute of limitations. (See ECF Nos. 3, 7 at 69-70.) However, because the allegations of plaintiff's complaint as they are currently constituted do not affirmatively allege that plaintiff has fully complied with the FTCA's administrative exhaustion requirement, the court must dismiss plaintiff's complaint. Gillespie, 629 F.2d at 640 ("A district court may dismiss a complaint for failure to allege [administrative exhaustion]."). Therefore, plaintiff's complaint is dismissed, but with leave to amend so that plaintiff may have an opportunity to cure this defect in his pleading. Id.

Should plaintiff choose to file an amended complaint, he should include allegations indicating whether he first presented a timely administrative claim to the U.S. Department of Health and Human Services and that the claim was denied prior to filing the current lawsuit. This may be done either by including good faith affirmative allegations showing that plaintiff timely filed an administrative claim with the U.S. Department of Health and Human Services regarding the alleged conduct of defendants that was subsequently denied, or by attaching a copy of the U.S. Department of Health and Human Services' denial letter to the amended complaint.[2]

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall correct the deficiencies outlined in this order, and shall be filed within 30 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is

---

[2] As discussed above, it appears from some of plaintiff's other filings in this action that he did timely file an administrative claim with the U.S. Department of Health and Human Services and received a response from the Department denying his claim after he had filed his complaint in this action. (ECF Nos. 3, 7 at 69-70.) If this is the case, then plaintiff may be able show that he administratively exhausted his claims in an amended complaint by attaching such documents to that pleading.

filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 30 days of this order.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED.
2. The Order to Show Cause (ECF No. 5) is DISCHARGED.
3. Plaintiff's complaint is dismissed, but with leave to amend.
4. Within 30 days of this order, plaintiff shall file either a first amended complaint in compliance with this order, or a notice of voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
5. Failure to file either a first amended complaint in compliance with this order or a notice of voluntary dismissal by the required deadline may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: March 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE