UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL, | No. 2:15-cv-01698-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| PHOENIX SINCLAIR, et al., | |
| Defendants. | |

Plaintiff Jean Marc Van Den Heuvel is proceeding in this action without counsel and *in forma pauperis*. (ECF No. 9.) On March 25, the court granted plaintiff's motion to proceed *in forma pauperis*, but dismissed plaintiff's complaint with leave to amend. (Id.) On April 13, 2016, plaintiff filed a document styled as a response to an order to show cause.[1] (ECF No. 10.) The next day, he filed a completed civil cover sheet. (ECF No. 11.) Construing these two filings liberally and in conjunction with one another, it appears that plaintiff intends for these documents to constitute his first amended complaint. Accordingly, and in light of plaintiff's pro se status, the court construes plaintiff's filings at ECF Nos. 10 and 11 collectively as plaintiff's first amended

---

[1] The court issued an order to show cause in this matter on December 18, 2015, to which plaintiff previously responded and addressed the court's concerns set forth in that order. (ECF Nos. 5, 6, 7, 8.) Accordingly, the court discharged its order to show cause in its March 25, 2016 order dismissing plaintiff's original complaint with leave to amend. (ECF No. 9.) It appears that plaintiff's designation of this filing as a response to the court's order to show cause is based on plaintiff's erroneous belief that it had not already been discharged by the court's previous order.

1

complaint.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

The fact that plaintiff has timely filed a first amended complaint does not complete the court's inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds *in forma pauperis*, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Here, plaintiff's first amended complaint consists of a brief narrative and a number of documents attached, seemingly randomly, as Exhibits A and B.  (ECF No. 12.)  While somewhat difficult to decipher, it appears that the first amended complaint alleges that defendant Dr. Phoenix Sinclair and other unidentified employees of defendant Shingle Springs Health and Wellness Center provided plaintiff with negligent dental work on September 13, 2013.  (ECF No. 10 at 1-2, 10.)  Among the documents attached to the first amended complaint is a copy of a September 14, 2015 response by the U.S. Department of Health & Human Services on behalf of defendants to an administrative tort claim plaintiff filed with the Department pursuant to the Federal Tort Claims Act regarding the events alleged in the first amended complaint.  (Id. at 10.)  Accordingly, plaintiff appears to assert a claim for negligence against defendants pursuant to the Federal Tort Claims Act.

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the complaint fails to state claims on which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant.  The undersigned reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendants from challenging plaintiff's first amended complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading.  Accordingly, the undersigned orders service of the first amended complaint (ECF Nos. 10, 11) on defendants.

////

////

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's filings at ECF Nos. 10 and 11 are collectively construed as plaintiff's first amended complaint.

2. Service of plaintiff's first amended complaint is appropriate for defendants Phoenix Sinclair and Shingle Springs Health and Wellness Center.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the first amended complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served.

6. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. The U.S. Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served. If the U.S. Marshal is unable, for any reason, to effectuate service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

////

8. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

9. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

10. Plaintiff's failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 28, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE