UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | No. 2:15-cv-1698-TLN-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on the United States of America's motion for summary judgment. ECF No. 42.[1] For the reasons explained below, the government's motion must be granted.[2]

I.　Background

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), alleging professional negligence in dental treatment he received from Dr. Phoenix Sinclair and other employees of the Single Springs Tribal Wellness Center, a federally funded clinic. ECF Nos. 10, 11. Plaintiff claims that during multiple root canal treatments, Dr. Sinclair was distracted and

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of the motion and the matter was ordered submitted on the briefs. *See* E.D. Cal. L.R. 230(g).

1

1 | conversing with other clinic employees, which resulted in plaintiff's tooth not being properly
2 | repaired. ECF No. 10 at 2.

The United States has been substituted as defendant in place of Dr. Sinclair and the Shingle Springs Health and Wellness Center (*see* ECF No. 19 and 28 U.S.C. § 2679(d)(2)) and now moves for summary judgment. The government argues that plaintiff has failed to produce evidence sufficient to show that there was a breach of the applicable standard of care. It also argues that plaintiff has not shown that the treatment caused him any injury. ECF No. 42-1.

II. Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a trier of fact.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing

/////

party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes,"* 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

/////

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

III.    Discussion

The fundamental failure of plaintiff's claims is his absence of any qualified medical evidence to show a relevant standard of care, and that the standard was not met by the dental treatment he received. Plaintiff has produced no expert report or declaration, and, as the

4

government points out, the deadline has now passed. Plaintiff was required to designate an expert and serve on the defendants an expert report but chose not to do so.[3] ECF No. 42-1 at 3-4. Thus, as the government argues, there is simply no way that plaintiff can satisfy his burden at trial of demonstrating that Dr. Sinclair breached the applicable standard of care or that any alleged breach caused an injury to plaintiff. *Id*.

Plaintiff concedes that he has not produced any expert evidence but he argues, mistakenly, that he does not need "medical reviews to support [his] claim of injury" because this case involves "a simple root canal that was not part of the proceedrual [sic] activities of the" dental practice at the Shingle Springs Health and Wellness Center. ECF No. 43 at 2.

Plaintiff's claim for medical negligence is brought under the FTCA. For such a claim "the law of the place where the act or omission occurred" governs the determination of liability. 28 U.S.C. § 1346(b)(1); *see also Liebsack v. United States*, 731 F.3d 850, 854 (9th Cir. 2013) ("The extent of the United States' liability under the FTCA is generally determined by reference to state law."); *Molzof v. United States*, 502 U.S. 301, 305 (1992) (same). Plaintiff complains of injury occurring in California and therefore the California law applies here. As discussed below, it is well established under California law that expert medical testimony is a prerequisite to prevailing on a claim of medical negligence.

Under California law, to succeed on a professional negligence claim, the plaintiff must establish "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Hanson v. Grode*, 76 Cal. App. 4th 601, 606 (1999) (quoting *Budd v. Nixen*, 6 Cal. 3d 195, 200 (1971)). Further,

---

[3] Pursuant to the scheduling order governing this case, plaintiff's expert disclosures were to be served by December 19, 2016, and any rebuttal disclosures were to be served by February 21, 2017. ECF No. 33 at 3. Assistant United States Attorney Victoria L. Boesch, counsel of the United States, declares that she never received an expert report from plaintiff to support his allegations that the dental treatment provided fell below the applicable standard of care or that a breach in the standard of care caused injury to plaintiff. Declaration of Victoria L. Boesch ISO Def.'s Mot. Summ. J. (ECF No. 42-4) ¶ 2.

California medical malpractice law applies to an action brought under the FTCA. *See Hutchinson v. United States*, 838 F.2d 390, 392-93 (9th Cir. 1988) (citing *Landeros v. Flood*, 17 Cal. 3d 399, 408 (1976)); *see also Barris v. County of Los Angeles*, 20 Cal. 4th 101, 108 n.1 (1999) ("The standard of care in a medical malpractice case requires that medical service providers exercise that . . . degree of skill, knowledge and care ordinarily possessed and exercised by members of their profession under similar circumstances."). As explained by the Ninth Circuit in *Hutchinson,* "medical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." 838 F.2d at 392.

"The standard of care against which the acts of a [medical professional] are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proven by their testimony." *Hanson*, 76 Cal. App. 4th at 606-607. Thus, "[w]henever the plaintiff claims negligence in the medical context, the plaintiff must present evidence from an expert that the defendant breached his or her duty to the plaintiff and that the breach caused the injury to the plaintiff." *Powell v. Kleinman*, 151 Cal. App. 4th 112, 123 (2007).

At trial plaintiff would bear the burden of proof of establishing that Dr. Sinclair breached an applicable standard of care and that the breach caused injury to plaintiff. Thus, to defeat this motion plaintiff must present evidence showing a genuine factual dispute over an issue of fact material to the resolution of his claim. *See Celotex*, 477 U.S. at 323-24 (holding that Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."). Further, the evidence plaintiff relies on to meet that burden must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence, there simply is no reason for trial. Here, plaintiff presents no such evidence.

/////

Although plaintiff characterizes this case as involving "a simple root canal" which does not warrant the need for an expert witness (ECF No. 43 at 2), a position that is simply contrary to controlling case law, he presents no evidence at all upon which a reasonable jury could find that Dr. Sinclair's treatment breached an applicable standard of care, or that the alleged breach caused an injury. Thus, while "[e]xpert evidence is not needed when the type of conduct required by the particular circumstances is within the common knowledge of laymen[,]" the standards guiding the dental procedures necessary to complete a root canal is not "within the common knowledge of laymen." *Hutchinson*, 838 F.2d at 392 n. 1.

Plaintiff has also had ample opportunity to obtain expert medical evidence. This case was before the court for a scheduling conference in September 2016. ECF No. 30. At the hearing, the court informed plaintiff that to prevail on his professional negligence claim he would need to produce expert evidence. Declaration of Victoria L. Boesch ISO Def.'s Mot. Summ. J., Ex. 4 (ECF No. 42-4 at 13.). He was also notified that even though he was proceeding without counsel he was nonetheless bound by the Federal Rules of Civil Procedure, and that he should review Rule 26. *Id*. at 8. Immediately after the hearing, Ms. Boesch graciously provided plaintiff, via email, with a copy of Rule 26. ECF No. 42-4 at 33-53. She also notified plaintiff, as a courtesy, "that Rule 26(a)(2) governs the requirements for the expert disclosures that the [court] spoke about during [the] hearing." *Id*. at 34. Ms. Boesch also reminded plaintiff at his October 27, 2016 deposition that his expert disclosures were due on December 19, 2016, and confirmed that plaintiff understood that Rule 26 governed the disclosure of expert evidence.

Thus, plaintiff was notified on several occasions of the need for him to produce expert evidence, but he failed to do so. As a result, he has also failed to meet his burden in opposing summary judgment. Expert medical evidence is essential to establish the elements of plaintiff's professional negligence claim, and no such evidence has been produced. Accordingly, the government is entitled to summary judgment.

IV. Conclusion

It is hereby RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 42) be granted; and

2. The Clerk be directed to enter judgment in defendant's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE